CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

KEVIN J. BARRY (CABN 229748)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6840
    FAX: (415) 436-7234
    Email: kevin.barry@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 24-CR-0246 JD |
| Plaintiff, | **UNITED STATES' SENTENCING MEMORANDUM** |
| v. | Hearing Date: June 23, 2025 |
| CARL ANDERSON, | Hearing Time: 10:30 am |
| Defendant. | Hon. James Donato |

## INTRODUCTION

The Defendant, Carl Anderson, stands before the Court to be sentenced after his guilty plea to violations of Title 18, United States Code, Section 922(g)(1), being a felon in possession of a firearm and ammunition, and Title 26, United States Code, Section 5861(d), possession of an unregistered silencer. The government respectfully submits this sentencing memorandum to indicate that it has no objection to the Presentence Report and to recommend that the Court impose a sentence at the low end of the Guidelines range of 24 months, followed by three years of supervised release.

## DEFENDANT'S OFFENSE CONDUCT

Defendant Anderson sold firearms, ammunition, and an unregistered silencer to confidential informants (CI) working for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF).[1] The purchases were arranged with customers who reached out to Mr. Anderson through connections made with him at gun shows and through the defendant's business, which involved selling products at the equivalent of marijuana-themed flea markets. They also contacted him through social media on Instagram. Because Defendant Anderson has a felony conviction from 2008, he is legally prohibited from possessing either firearms or ammunition. In addition, he is not registered to possess the silencer that he sold.

## SENTENCING GUIDELINES CALCULATION

The government agrees with the Presentence Report's calculation of Defendant's adjusted offense level of 17 and status of CHC I. PSR ¶¶ 33, 40. This results in a Guidelines range of 24-30 months.

## SECTION 3553(A) FACTOR

The factors listed under 18 U.S.C. § 3553(a) direct the Court to impose a sentence that is sufficient, but not greater than necessary, to achieve the goals of sentencing. *See United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). The key factors in this case are the nature and circumstances of the offense and the history and characteristics of the defendant, 3553(a)(1), the need for deterrence, 3553(a)(2)(B), and the Guidelines range for the offense, 3553(a)(4)(A).

With respect to the nature and circumstances of the offense, Defendant was engaged in the business of selling dangerous weapons and ammunition to anyone with the money to pay for them. Unlike licensed firearms dealers who are required to run background checks and to ensure that guns do not fall into the wrong hands, Defendant Anderson followed no requirement to know his customers. While he was not deliberately funneling arms to street gangs, drug trafficking organizations, or known

---

[1] Paragraph 18 of the PSR describes Defendant Anderson's possession of the ammunition alleged in Counts Three and Four of the Indictment, but he possessed it in connection with his sales of the ammunition to an ATF CI, a different ATF CI than the one who purchased the firearms and silencer alleged in Counts One and Two.

convicted felons,[2] at the same time, Defendant took no steps to ensure that this didn't happen.

Selling firearms without a license—and possessing them as a convicted felon in order to make such sales—are serious offenses and present a significant danger to the public. This danger is magnified when illegal silencers are included in such sales. However, Defendant presents the rare case of a Section 922(g)(1) defendant who has zero criminal history points. The conviction making him a person prohibited from possessing firearms or ammunition is 16 years old. At the same time, he made a conscious choice to sell guns for money, knowing that doing so is illegal.

With respect to deterrence, the Defendant lived a considerable period with no criminal conduct. As discussed above, his sole felony conviction was in 2008, when he was 19, and his last arrest, which resulted in no charges, was in 2011. PSR ¶¶ 37, 44. He has demonstrated the ability to live a law-abiding life. His conduct since his arrest has been good, and he accepted full responsibility in this case, both in his statements to the Probation Officer in the PSR, ¶ 21, and by pleading guilty without contesting the charges though any litigation.

Although Defendant's criminal history score of zero makes him an outlier among Section 922(g)(1) defendants, the Guidelines take account of his fact by generating a significantly lower range for people like Defendant compared to others with extensive criminal records. *Compare* U.S.S.G. Sentencing Table for offense level 17, CHC I (24-30 months) *with* CHC VI (51-63 months). The base offense level of 17 for Defendant's crime similarly takes into account the seriousness of the offense—allowing unregulated firearms into the public, and potentially into the hands of prohibited and dangerous individuals. At the same time, though, Defendant Anderson's limited criminal history and other aspects of mitigation presented in the Presentence Report suggest that the Court should impose a term at the low end of that range.

---

[2] For this reason, Subsection b(5) of Section 2K2.1, does not apply. This Specific Offense Characteristic adds a +4 level enhancement to the base offense level "if the defendant trafficked in firearms." *Id.* Defendant Anderson was certainly in the business of selling firearms, but the Guidelines also require that the defendant know or have reason to know that he or she was transferring weapons to a person whose possession of the firearms would be unlawful. U.S.S.G. § 2K2.1, Application Note 13. The circumstances of Defendant Anderson's sales support the inference that he did not care whether this was the case, but the government is not arguing that he knew or had reason to know that he was selling to prohibited persons.

# CONCLUSION

For the foregoing reasons, the government respectfully recommends that the Court sentence Defendant Carl Anderson to a term of 24 months, three years of supervised release, and a $100 special assessment. The government also requests that the Court order forfeiture of the firearms and ammunition in this case.

DATED: June 10, 2025                                    Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney

_____/s/_____
KEVIN J. BARRY
Assistant U.S. Attorney